DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

BRIANNA HALLOWAY; JEFFREY KEITH )
SHANTELL PIPER; and IYANNA KEITH )
and LEAHANNA HAYNES, by their )
next friend, SHANTELL PIPER, )
                                 )    Civil No. 16-88
      Plaintiffs, )
                                 )
        v. )
                                 )
SPM RESORTS, INC.; BLUEBEARD'S )
CASTLE PIRATES' PENSION )
CONDOMINIUM ASSOCIATION; and )
OCEAN PEST CONTROL, LLC. )
                                 )
      Defendants. )
                                 )

**APPEARANCES:**

**George Miller, Esq.**
George Marshall Miller, Esq. & Associates
St. Thomas, V.I.
    *For Iyanna Keith, Leahanna Haynes, Shantell Piper, Brianna*
    *Halloway, and Jeffrey Keith.*

**Daniel Sanders, Esq.**
Kennedys Americas LLP
Miami, FL
**Michael Quinn, Esq.**
Dudley Topper & Feuerzeig
St. Thomas, V.I.
    *For SPM Resorts, Inc. and Bluebeard's Castle Pirates'*
    *Pension Condominium Association,*

**Michael Sanford, Esq.**
St. Croix, VI
    *For Ocean Pest Control, LLC.*

## ORDER

**GÓMEZ, J.**

Before the Court are the complaint of Iyanna Keith, Leahanna Haynes, Shantell Piper, Brianna Halloway, and Jeffrey Keith and the motions seeking approval of the settlement in this matter.

### I. FACTUAL AND PROCEDURAL HISTORY

Iyanna Keith and Leahanna Haynes are the minor children of Shantell Piper. Brianna Halloway is an adult child of Shantell Piper. Jeffrey Keith is the husband of Shantell Piper. Iyanna Keith, Leahanna Haynes, Shantell Piper, Brianna Halloway, and Jeffrey Keith are citizens of New York.

SPM Resorts, Inc. ("SPM") is a corporation organized and existing under the laws of South Carolina, with its headquarters in South Carolina. SPM is the management company for Bluebeard's Castle Resort and Hotel and for Bluebeard's Castle Pirates' Pension Condominiums.

Bluebeard's Castle Pirates' Pension Condominium Association (the "Association") is an unincorporated association with its principal place of business in the U.S. Virgin Islands.

Ocean Pest Control, LLC ("Ocean Pest Control") is a limited liability company[1] organized and existing under the laws of the

---

[1] The plaintiffs also allege that Ocean Pest Control, LLC is a corporate citizen.

U.S. Virgin Islands, with its principal place of business in St. Thomas.

In May, 2016, Iyanna Keith, Leahanna Haynes, Shantell Piper, and Brianna Halloway (the "vacationing plaintiffs") were guests who stayed in various rooms at Bluebeard's Castle Pirates' Pension Condominiums in St. Thomas. The vacationing plaintiffs allege that during their stay, they were bitten by bedbugs and exposed to at least one rat.

On October 31, 2016, the plaintiffs filed a complaint in this matter. They filed an amended complaint (the "amended complaint") on July 28, 2017. The amended complaint asserts seven local law claims and invokes the Court's diversity jurisdiction. Count One asserts a claim for breach of implied warranty of habitability on behalf of the vacationing plaintiffs against SPM and the Association. Count Two asserts a negligence claim on behalf of all of the plaintiffs against SPM and the Association. Count Three asserts a negligence claim on behalf of the vacationing plaintiffs against Ocean Pest Control. Count Four asserts a fraudulent concealment claim on behalf of the vacationing plaintiffs against SPM and the Association. Count Five asserts a fraudulent concealment claim on behalf of the vacationing plaintiffs against SPM and the Association. Count Six asserts a claim for negligent infliction of emotional

distress on behalf of the vacationing plaintiffs against SPM and the Association. Count Seven asserts a loss of consortium claim on behalf of Jeffrey Keith against all of the defendants.

The parties in this matter have agreed to a settlement. On March 8, 2018, the plaintiffs filed a motion seeking Court approval of that settlement with respect to the minor children (the "first motion to approve the settlement agreement"). The following day, the plaintiffs filed an amended motion (the "amended motion to approve the settlement agreement") changing certain numbers specified in the first motion to approve the settlement agreement.

## II.   ANALYSIS

The district court may only act when it has subject-matter jurisdiction. *See Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977) ("[F]ederal courts are without power to adjudicate the substantive claims in a lawsuit, absent a firm bedrock of jurisdiction."). The complaint in this matter asserts local law claims and invokes the Court's diversity jurisdiction.[2] *See Second Amended Complaint*, ECF No.

---

[2] The diversity jurisdiction statute provides, in pertinent part, that:

> **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> **(1)** citizens of different States;

59. Diversity jurisdiction "requir[es] 'complete diversity between all plaintiffs and all defendants' . . . ." *Lincoln Ben. Life Co. v. AEI Life*, LLC, 800 F.3d 99, 101 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). "This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Id*. (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)).

Limited liability companies, "[p]artnerships[,] and other unincorporated associations . . . are not considered 'citizens' as that term is used in the diversity statute." *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187-92, 110 S.Ct. 1015,

---

**(2)** citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

**(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

**(4)** a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a). The word "'States' . . . includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico." 28 U.S.C. § 1332(e).

108 L.Ed.2d 157 (1990)); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("[U]nincorporated associations such as partnerships are not considered 'citizens' as that term is used in the diversity statute . . . Accordingly, the citizenship of an LLC is determined by the citizenship of its members."). Thus, when determining the citizenship of unincorporated associations, "courts . . . look to the citizenship of all the . . . members of . . . [the] unincorporated association[] to determine whether the federal district court has diversity jurisdiction." *Swiger*, 540 F.3d at 182.

Here, the plaintiffs allege that the Association is a "citizen of the U. S. Virgin Islands, organized and existing under the laws of the U. S. Virgin Islands as an unincorporated association having its principal place of business in St. Thomas, Virgin Islands." ECF No. 59, at ¶ 10. Significantly, the plaintiffs do not allege the citizenship of each member of the Association or allege that none of the members of the Association are, like the plaintiffs, citizens of New York. Because unincorporated associations may be citizens of multiple states, nothing in the complaint excludes the possibility that the plaintiffs and the Association may not be diverse. As such,

the allegations in the complaint regarding the Association's citizenship are insufficient.

Similarly, the plaintiffs allege that Ocean Pest Control is a "corporate citizen of the U. S. Virgin Islands, organized and existing under the laws of the U. S. Virgin Islands, as a domestic limited liability company having its principal place of business in St. Thomas, Virgin Islands." ECF No. 59, at ¶ 12. Because plaintiffs refer to Ocean Pest Control as a "corporate citizen . . . organized and existing under the laws of the U. S. Virgin Islands" with "its principal place of business in St. Thomas, Virgin Islands" and as a "limited liability company," the plaintiffs have similarly failed to adequately plead Ocean Pest Control's citizenship.

Because the plaintiffs have not established that the Court may exercise subject-matter jurisdiction over this action, the Court cannot grant the plaintiffs the relief that they seek. *See Carlsberg Res. Corp.*, 554 F.2d at 1256.

Accordingly, the Court will dismiss the complaint and deny as moot the motions to confirm the settlement agreement. The Court will also grant the plaintiffs leave to file an amended complaint which properly alleges the citizenship of the parties.

The premises considered; it is hereby

    **ORDERED** that the amended complaint is **DISMISSED without prejudice**; it is further

    **ORDERED** that by no later than 3:00 P.M. on July 27, 2018, the plaintiffs may file an amended complaint properly pleading the citizenship of the parties; it is further

    **ORDERED** that the first motion to approve the settlement agreement is **MOOT**; and it is further

    **ORDERED** that the amended motion to approve the settlement agreement is **MOOT.**

    S\_____
    **Curtis V. Gómez**
    **District Judge**