DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

BRIANNA HALLOWAY; JEFFREY KEITH )
SHANTELL PIPER; and IYANNA KEITH )
and LEAHANNA HAYNES, by their )
next friend, SHANTELL PIPER, )
                               ) Civil No. 16-88
      Plaintiffs, )
                               )
         v. )
                               )
SPM RESORTS, INC.; OCEAN PEST )
CONTROL, LLC. )
                               )
      Defendants. )
                               )

APPEARANCES:

**George Miller, Esq.**
George Marshall Miller, Esq. & Associates
St. Thomas, V.I.
    *For Iyanna Keith, Leahanna Haynes, Shantell Piper, Brianna*
    *Halloway, and Jeffrey Keith.*

**Daniel Sanders**
Sanders Legal Solutions PLLC
Chadds Fords, PA
    *For SPM Resorts, Inc.,*

**Chad C. Messier**
Dudley Topper & Feuerzeig
St. Thomas, V.I.
    *For SPM Resorts, Inc.,*

**Michael Sanford, Esq.**
St. Croix, VI
    *For Ocean Pest Control, LLC.*

**ORDER**

**GÓMEZ, J.**

Before the Court is the motion of Shantell Piper to approve a settlement agreement in this matter.

### I. FACTUAL AND PROCEDURAL HISTORY

Shantell Piper ("Piper") and her husband Jeffrey Keith ("Keith") are citizens of New York. In or about May, 2016, Piper traveled to St. Thomas, Virgin Islands for a vacation. Piper was accompanied by her minor children Iyanna Keith and Leahanna Haynes. Piper's adult child, Brianna Halloway, also traveled to St. Thomas. Jeffrey Keith did not travel to St. Thomas.

Piper and her children (collectively the "Pipers") stayed at Bluebeard's Castle ("Bluebeard's") in St. Thomas. The Pipers allege that, while in their hotel room at Bluebeard's, they were bitten by bed bugs. They also allege that they observed at least one rat.

Thereafter, the Pipers and Keith (collectively the "Piper family") filed a complaint in this matter. Subsequently, they filed an amended complaint. On July 13, 2018, the Court dismissed the amended complaint, without prejudice, for want of subject matter jurisdiction. The Piper family filed a second

amended complaint that cured the infirmities in the amended complaint.

The second amended complaint asserts seven local law claims and invokes the Court's diversity jurisdiction. In Count One, the Pipers assert a claim for breach of implied warranty of habitability against SPM Resorts, Inc. ("SPM") and Bluebeard's Castle.[1] In Count Two, the Pipers assert a negligence claim against SPM. In Count Three, the Pipers assert a negligence claim against Ocean Pest Control, LLC ("Ocean Pest Control"). In Count Four, the Pipers assert a fraudulent concealment claim against SPM. In Count Five, the Pipers assert a battery claim against SPM. In Count Six, the Pipers assert a claim for negligent infliction of emotional distress against SPM. In Count Seven, Keith asserts a loss of consortium claim against SPM and Ocean Pest Control.

The parties mediated this matter on or about February 26, 2018. They now seek the Court's approval of a settlement agreement the parties reached in mediation.

After the Piper family filed their second amended complaint and all defendants filed answers, the Piper family filed a motion asking the Court to approve the settlement. ECF No. 123.

---

[1] Bluebeard's Castle was terminated as a party on July 17, 2018.

The motion asks the Court to approve the settlement and authorize payment of the settlement proceeds as follows:

> a) One Thousand Dollars ($1,000.000) to Plaintiff Iyanna Keith Haynes, (to be invested for her by her court-appointed guardian, in accordance with the Order of the Family Division of the Superior Court);
> b) One Thousand Dollars ($1,000.000) to Plaintiff Leahana Haynes, (to be invested for her by her court-appointed guardian, in accordance with the Order of the Family Division of the Superior Court);
> c) Eight Thousand Dollars ($8,000.000) to Attorney George Marshall Miller, and
> d) The balance of the Eighteen Thousand Dollars ($18,000.00) to be divided among the remaining plaintiffs.

ECF No. 114 at 3.

Under the terms of the settlement agreement, the two minor children, Iyanna Keith and Leahanna Haynes, are to receive $1,000 each. The adult plaintiffs, Brianna Holloway, Jeffrey Keith, and Shantell Piper are to divide the remaining $18,000. According to the terms of the settlement, the two minor children are to receive less money under the terms of the settlement because "the bites suffered by the minors were significantly less than the bites suffered by their mother and older sister." ECF No. 114 at 2.

Up to this point in the litigation, Shantell Piper has sued as a next friend of the two minor plaintiffs. A guardian ad litem has not been appointed in this case.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 17(c)(2):

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order— to protect a minor or incompetent person who is unrepresented in an action.

"Generally, when a parent brings a lawsuit on behalf of her minor child and has similar interests as the minor, there is no need for a court to appoint a guardian ad litem, but where there is a conflict of interest, the court is empowered to appoint a guardian ad litem to represent the minor." *A.P. v. United States,* 736 Fed. App'x. 309, 314 (3d. Cir. 2018) (approving of magistrate judge's appointment of a guardian ad litem to ensure settlement funds were used to benefit minor). The responsibility for determining whether the appointment of a guardian ad litem is warranted "appears generally to be left to the discretion of the district courts." *A.P. v. U.S.*, 736 F. App'x at 312-14 (quoting *Powell v. Symons*, 680 F.3d 301, 303 (3d Cir. 2012)).

District courts have the duty to ensure that the recovery of a minor plaintiff under a proposed settlement is fair and reasonable. *Robidoux v. Rosengren*, 638 F.3d 1177, 1182 (9th Cir. 2011) ("If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as presented, regardless of the

amount the parties agree to designate for adult co-plaintiffs and attorney's fees.").

In this case, there is an apparent conflict between the interests of Shantell Piper and the minors as the proposed settlement agreement calls for an unequal distribution of the settlement funds. Indeed, where, as here, an interested party (such as Piper) determines the sufficiency of the settlement for a second interested party (such as the minors) to the detriment of the second party, it is questionable whether the best interest of the minor has been considered. *Cf. Carter v. Fenner*, 136 F.3d 1000, 1009 (5th Cir. 1998) ("In approving a minor's settlement, a court must not only grant authority to compromise to the party properly representing the minor, but must also determine whether the terms of the proposed compromise are in the best interests of the minor.") (internal citations omitted).

The only justification for the 600% greater distribution to each adult as compared to each minor appears to be the assertion that the minors received less bites than the adults. Under these circumstances, a general guardian who has a distinct personal interest in settlement proceeds separate from that of the minors under such guardianship seems to be an unlikely candidate to determine the sufficiency of the minors' distribution.

The premises considered; it is hereby

**ORDERED** that this matter is referred to Magistrate Judge Ruth Miller to determine whether the appointment of a guardian ad litem is necessary to best protect the distinct interest of the minors in this matter.

                              S\_____
                                **Curtis V. Gómez**
                                **District Judge**